**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERRN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| Naomi Grubb, f/k/a Groves, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-131 |
| | ) | |
| MSCB, Inc., a Tennessee corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Naomi Grubb, f/k/a Groves, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Naomi Grubb, f/k/a Groves ("Grubb"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts which she allegedly owed to Parkview Health/Hospital/Physicians.

4. Defendant MSCB, Inc. ("MSCB"), is a Tennessee corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. MSCB operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant MSCB was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant MSCB is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Indiana.

**FACTUAL ALLEGATIONS**

7. On November 6, 2025, Ms. Grubb filed a Chapter 7 bankruptcy petition in a matter styled In re: Grubb, N.D.Ind.Bankr. No. 25-11629-reg. Among the debts listed on Schedule E/F of Ms. Grubb's Bankruptcy Petition were delinquent consumer debts (incurred primarily for personal, family or household purposes) that she allegedly owed to Parkview Health/Hospital/Physicians, see, excerpt of Schedule E/F, attached as Exhibit B.

8. Accordingly, the creditor (Parkview Health/Hospital/Physicians) was sent notice of the bankruptcy by the Bankruptcy Noticing Center, via electronic transmission, on November 8, 2025, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, which is attached as Exhibit C.

9. Plaintiff's bankruptcy is a matter of public record, is on her credit reports,

is in the records of the creditor, and was readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant MSCB sent a collection letter, directly to Ms. Grubb, dated December 1, 2025, regarding payment of the debts that she had allegedly owed to Parkview Health/Hospital/Physicians – despite her Parkview Health/Hospital/Physicians debts being included in and later discharged in her bankruptcy. A copy of this collection letter is attached as Exhibit D.

11. As a result of Defendant's illegal collection actions, Ms. Grubb had to take her time and effort to get the collection letter to her attorneys, as well as the expense (about $260), to have her attorneys send Defendant a letter on March 6, 2026, telling it to stop its illegal collection efforts. A copy of this letter is attached as Exhibit E.

12. Moreover, due to Defendant's collection actions, Ms. Grubb had to take the time, effort and/or expense to obtain her credit reports to see if MSCB had made a negative credit report or reviewed her credit report, and also to determine whether her bankruptcy was noted in her credit reports.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and **unfair** debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA

prohibits a debt collector from communicating with a consumer and demanding payment of a debt that a consumer no longer owes and has refused to pay, see, 15 U.S.C. § 1692(c)(c), for example, when the debt has been included in a bankruptcy.

15. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the FDCPA is rooted in the basic common law principle of fraud; for example, a debt collector may not claim that a debt, which has been included in bankruptcy, is still directly owed by the consumer.

16. Ms. Grubb had been informed by counsel and believed that she had the right to a fresh start via bankruptcy, and a right to privacy – to be left alone about her debts.

17. Defendant's collection demands, after she had filed for bankruptcy, made Plaintiff believe that her exercise of her rights, through filing bankruptcy, may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendants' collection actions resulted in a direct invasion of Ms. Grubb's legally-protected right to be left alone, her right to privacy, and her right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

18. Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether the Parkview Health/Hospital/Physicians debts were included in her bankruptcy, and whether she had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Ms. Grubb, invaded her privacy/right to

be left alone, and cost her time, effort and out-of-pocket expenses, see, Mack v. Resurgent GLA Services, L.P., 70 F.4th 395, 406-407 (7th Cir. 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

19. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Subject To A Bankruptcy**

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

22. Demanding payment of a debt that has been included in a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

23. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay, see, 15 U.S.C. § 1692c(c).

26. Here, the bankruptcy and the notices issued by that court provided notice to cease communications and cease collections. By directly sending Ms. Grubb a collection letter regarding the Parkview Health/Hospital/Physicians debts and demanding payment, despite her bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

27. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692d Of The FDCPA –**
**Abusive Collection Actions**

28. Plaintiff adopts and realleges ¶¶ 1-19.

29. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

30. Writing directly to Ms. Grubb in an attempt to collect a debt included in her bankruptcy, constitutes conduct, the natural consequence of which was to harass, oppress, and abuse the Plaintiff, in violation of § 1692d of the FDCPA.

31. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k

**PRAYER FOR RELIEF**

Plaintiff, Naomi Grubb, f/k/a Groves, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Naomi Grubb, f/k/a Groves, demands trial by jury.

Naomi Grubb, f/k/a Groves,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 13, 2026

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com